Fallon Kelly, U. S. Atty., William C. Hunt, Asst. U. S. Atty., St. Paul, Minn., for defendant.

Irene E. WATSON, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States of America, Defendant.

No. 3-59 Civ. 228.

United States District Court
D. Minnesota,
Third Division.

May 26, 1960.

DONOVAN, District Judge.

By this proceeding, plaintiff seeks a review of the June 17, 1959 decision of the referee and which was affirmed by the Appeals Council of the Social Security Administration of the above defendant.[1] Defendant seeks a judgment of dismissal.[1]

The referee decided that "Claimant is not entitled to the benefits for which she has applied."

By order dated September 18, 1959, the Appeals Council held "that a formal review of the referee's decision would result in no advantage to the claimant; therefore, the Request for Review is hereby denied."

The relevant facts gleaned from the file and record may be summarized as follows:

Plaintiff's Social Security Account number is 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. The instant

1. 42 U.S.C.A. § 405(g).

case is based on her June 13, 1957, application for total disability benefits under the Social Security Act of Congress. On August 28, 1958, plaintiff requested a hearing on the issue of disability based on "evidence to substantiate [her] claim for total disability benefits." [2]

The hearing before the referee reveals that plaintiff was then 54 years of age, married and the mother of three adult children. A high school graduate and a typist by vocation, she was so employed by Crane Company when she discontinued work on August 5, 1955. She had been hospitalized for tuberculosis at Ancker Hospital in St. Paul, Minnesota, in July 1929 for a period of 11 months. Following this she was unemployed and at home for a year. Between 1929 and 1955 she was hospitalized in Ancker Hospital five different times. In 1944 a "thoracoplasty" was performed and six ribs removed on the right side and part of the lung removed, collapsing it. A "phonectomy" was also performed to remove a nerve from the neck during her first hospitalization. She was convalescing from the latter operation for some time. In 1948 she went to work for a month and met with an accident and rib fracture. Employment from this point on was varied until she entered the employ of Crane Company as a typist, from 1951 until 1955, when she was in an automobile accident and bumped her head and shoulder against the dashboard. Because of this and natural causes she has had to discontinue work. As a result of the foregoing she testified "my spine is crooked * * * can't raise my arm [beyond about 90 degrees] * * * After I have tried to do * * * any kind of work * * * I get pain. * * * Lately I have had several arthritis pains * * * all the way down my hip and my knee * * * a severe pain in my right side when I walk. * * * I hear very little without a hearing aid. * * * I forget what I am going to say in the middle of the sentence. * * * I'm not very steady on my feet. * * * Use of my fingers * * * brings * * * pain in the neck. * * * Difficulty with house work. Must be down a couple of hours in * * * morning * * * and afternoon * * * Goes to movies occasionally * * * Seldom drives the car. * * * Owns no property * * * Husband works * * * for West Chemical Products [as] a service man * * * I haven't [worked] since I had this trouble * * * nervous condition is an impairment. * * * The automobile accident of 1955 aggravated * * * all of which she received no money. * * * I don't drive the car very often. * * * Spine out of alignment 10 or 15 years. * * * Its a strain * * * No income except husband's. * * * Home mortgaged."

Plaintiff's husband is 59 and employed. His testimony corroborates plaintiff.

Medical reports corroborate relative to illness and personal injuries due to accidents. X-rays negative. Ambulation is normal.

The finding of the referee is "that the wage earner's impairments are not of such severity as to prevent substantial gainful activity * * * [and] claimant is not entitled to the benefits for which she has applied."

The referee and Appeals Council in denying relief exercised a discretion authorized by the applicable law, that is beyond the scope of interference by this Court.

In other words the reviewing court cannot and must not substitute its inferences for the referee. As the trier of the facts his findings and conclusion must be sustained if based upon relevant issues and evidence presented at a fair hearing and consistent with applicable law.[3]

2. 42 U.S.C.A. § 416(i) (1).

3. S. E. C. v. Central-Illinois Securities Corp. et al., 338 U.S. 96, 69 S.Ct. 1377, 93 L.Ed. 1836; Social Security Board v. Warren, 8 Cir., 142 F.2d 974; Holland v. Altmeyer et al., D.C.Minn., 60 F.Supp. 954; In re Eastern Minnesota Power Corp. et al., D.C.Minn., 74 F.Supp. 528.

944

In her brief plaintiff made a very thorough analysis of the cases cited by defendant in his brief relative to what constitutes total disability under the Act. In conclusion plaintiff states that "The substantial evidence rule * * * has not been met." It is the opinion of this Court, however, that the finding and conclusion of the referee as adopted by the Appeals Council is consistent with the evidence and applicable law.

Defendant may submit a form of judgment consistent with the foregoing.

It is so ordered.

Plaintiff is allowed an exception.