August LAINE, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education, and Welfare, Defendant.

Civ. No. 5-59-56.

United States District Court D. Minnesota, Fifth Division.

July 28, 1961.

---

Victor H. Gran, Duluth, Minn., Mahoney & Mahoney, Geoffrey J. Mahoney, Minneapolis, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This proceeding for review of the referee's decision was served on defendant and filed in this Court. On motion of defendant the case was remanded for further action by the Secretary[1] by order of the Court dated November 20, 1959.

On January 30, 1961, the Appeals Council rendered and filed its decision affirming the decision of the hearing examiner, and on June 3, 1961, defendant moved for judgment of affirmance by filing a written motion therefor in this Court.

Subsequent to said remand, and on April 18, 1961, defendant filed a transcript of the proceedings had herein.

■ The scope of judicial review in this Court is limited to determining whether the record as a whole contains substantial evidence to support the findings and conclusion arrived at by defendant.[2]

Adopting the view of liberal construction, the Court will assume that all things have been done as required by applicable law and the pending matter will be disposed of on the merits.

■ A summary of the facts may be helpful. Plaintiff attained retirement age 65 on March 27, 1958, and upon application he was awarded monthly old-age insurance benefits. A native of Finland, he had the equivalent of six years' grammar school education. He came to the United States as a child. Later he worked as a miner, carpenter and building contractor. In 1955 he was hospitalized due to tuberculosis. Prior to this illness, he had acquired ability to read blueprints, make estimates, prepare bids and supervise construction of projects undertaken by him. His medical and hospital histories established pulmonary tuberculosis, moderately active "but currently inactive" and a resection to "good effect," with advice "not to work until the summer of 1957." He was divorced in 1957 and remarried. There appears in the medical evidence a conflict as to the extent of disability. A medical examination on May 17, 1960, which included laboratory tests, electro-cardiograms and x-rays, indicated "no clinical or x-ray evidence * * * of reactivation of old pulmonary tuberculosis [with] the likelihood of improvement of pulmonary and of osteoarthritic conditions * * * probably poor."

In a well-considered opinion of the Appeals Council where in the reports of Dr. H. E. Bakkila, Dr. R. J. Goldish and Dr. B. J. Terrell (the latter a member of the staff of Nopeming Sanatorium) were discussed at length and concluded in part in these words:

"Claimant has, of course, suffered a period of illness during which he was temporarily precluded from doing any kind of work by reason of the sufficient severity of his impairment, and his capacity for engaging in hard, strenuous labor has undoubt-

1. 42 U.S.C.A. § 405(g).

2. Cody v. Ribicoff, 8 Cir., 289 F.2d 394, 395.

edly been permanently diminished because of sufficient pulmonary dysfunction.

"However, it amply appears from the preponderant weight of the medical and other proof that claimant's impairments have not attained sufficient severity to preclude his engagement in light, sedentary work including activities requiring mental ability to a greater degree than physical effort. \* \* \* It is patent that he still retains the ability to engage in substantial gainful activity of a light, sedentary nature, in which intellectual rather than physical attributes are most essential.

\*　\*　\*　\*　\*　\*

"The Appeals Council has carefully considered the entire record of this case, including all of the medical and other proofs submitted, together with argument of counsel.

"It is the decision of the Appeals Council that the claimant is not entitled to the period of disability or monthly disability insurance benefits for which he has applied, pursuant to the Social Security Act, as amended. The decision of the Hearing Examiner is affirmed."

The hearing examiner and Appeals Council in denying relief to plaintiff exercised administrative discretion authorized by law. In other words, this Court is precluded from interfering therewith and is not permitted to substitute its idea of factual inference for those drawn by the trier of the facts. This is necessarily so even though the Court, if authorized by law to find the facts, (which is not the case) may have found to the contrary. In my opinion the substantial evidence rule has not been met by plaintiff.[3]

3. Carqueville v. Flemming, 7 Cir., 263 F. 2d 875; Walker v. Altmeyer, 2 Cir., 137 F.2d 531; Ferenz v. Folsom, 3 Cir., 237 F.2d 46; Rosewall v. Folsom, 7 Cir., 239 F.2d 724; Folsom v. O'Neal, 10 Cir., 250 F.2d 946.

Suffice to say the findings, conclusion and decision of said examiner and Council are consistent with applicable law.[4]

Defendant may submit form of judgment consistent with the foregoing.

Plaintiff is allowed an exception.

4. S. E. C. v. Central-Illinois Corporation, 338 U.S. 96, 69 S.Ct. 1377, 93 L.Ed. 1836; Social Security Board v. Warren, 8 Cir., 142 F.2d 974; Holland v. Altmeyer, D.C. Minn., 60 F.Supp. 954; In re Eastern Minnesota Power Corporation, D.C.Minn., 74 F.Supp. 528; Watson v. Flemming, D.C.Minn., 183 F.Supp. 942.