John A. ESTEPP, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 1116.

United States District Court
S. D. West Virginia,
at Huntington.

Dec. 3, 1962.

Harry F. Thompson, Jr., Huntington, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., and George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education and Welfare, disallowing his claim for a period of disability and for disability insurance benefits. For the reasons hereinafter stated, it is now found that the determination of the Secretary is supported by substantial evidence and that the motion of the defendant for summary judgment should be granted.

Plaintiff filed an application on May 19, 1959, for disability insurance benefits and to establish a period of disability, in which he alleged that he was unable to work on July 23, 1956, at age 52, because of leg, back and eye trouble.[1] His application was denied initially and, on reconsideration, was again denied by the Bureau of Old Age and Survivors Insurance. On October 10, 1961, a hearing examiner of the Bureau of Hearings and Appeals also found that he was not under a disability within the meaning of the Act, and this decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on January 24, 1962.

Plaintiff met the special "insured status" requirements during the effective period of the application. He last met the special "insured status" requirements on March 31, 1960. Therefore, to be eligible for a period of disability and for monthly insurance benefits under the Act, he had to be disabled on or before May 19, 1959, which was the date of his application for disability insurance benefits and for the establishment of disability.

The evidence shows that plaintiff lost the sight of his left eye as the result of a mine accident in 1936. He next suffered a compound fracture of his right leg in 1950. Because this fracture did not heal properly, he had to undergo surgical treatment, including a bone graft. Plaintiff, however, in due course returned to work in the mines. On July 23, 1956, he suffered a broken back which resulted from a slate fall in the mine in which he was working. As a result of a combination of these injuries plaintiff asserts that he has not been able to resume any gainful employment.

There is abundant medical evidence in this record. It would serve no useful purpose to discuss it in detail here. Suffice it to say that after examining all of the medical and other evidence of record in this case, there is substantial evidence to support the Sec-

---

1. The plaintiff previously, on April 14, 1958, and May 9, 1958, filed applications for disability insurance benefits and to establish a period of disability, respectively, which applications were denied. Apparently no appeal was taken, and in lieu thereof plaintiff filed the applications which are involved in this proceeding.

retary's conclusion that plaintiff does not have an impairment or impairments of sufficient severity to prevent him from engaging in any substantial gainful activity.

While the evidence seems clear that plaintiff suffered an injury to his left eye resulting in blindness in that eye, there is nothing to suggest that the condition thereafter prevented substantial gainful employment. The evidence is clear that he returned to work after that injury. The evidence further shows that plaintiff made an adequate recovery from the compound fracture of his right leg. While the fracture was serious and required many surgical procedures, the evidence seems clear that the residuals did not prevent substantial gainful activity. The medical evidence is conflicting only as to the degree of limitation of movement caused by swelling and soreness in the right angle and foot. Although that evidence shows that there have been osteoporotic changes of the right ankle and foot, the degree of limitation of motion does not seem so severe as to prevent substantial gainful activity. Similarly, the medical evidence relating to the back injury is conflicting only as to the degree of loss of motion in plaintiff's spine. There is a complete absence of neurological symptoms or evidence which would tend to show nerve root irritation or other conditions showing loss of capacity. The slight atrophy of the muscles in the right leg appears to be due to the fracture of the right leg rather than to neurological deficit. The fact that there may be some degree of limitation of motion in plaintiff's spine, right ankle, and foot is not inconsistent with the Secretary's conclusion that plaintiff was not prevented by such limitations of movement from engaging in any normal activity which did not require much walking, heavy lifting, or much stooping.

It is apparent that had plaintiff returned to work, he could possibly have worked as a motorman, conveyor belt operator, washer operator, slate picker along a conveyor belt, pumper, or ventilator operator. There is also nothing to indicate that he could not have done light factory work. Despite these useful residual capabilities, the plaintiff apparently made only one feeble attempt to return to any type of work. The fact that a person does not even attempt seriously to obtain a job that would make use of his residual capacities is of significance. See Gotshaw v. Ribicoff, 307 F.2d 840 and Pearman v. Ribicoff, 307 F.2d 573, both decided by the Fourth Circuit Court of Appeals on August 30, 1962.

In Underwood v. Ribicoff, 4 Cir., 298 F.2d 850 (1962), the elements of proof required to establish the existence of a disabling impairment within the meaning of the act are clearly set forth. Plaintiff has failed to meet the criteria therein stated. There is substantial evidence showing that plaintiff was able to engage in substantial gainful activity at the time under consideration. Defendant's motion for summary judgment is granted.