Donald B. SANDERS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.

No. 3–61–Civ. 16.

United States District Court
D. Minnesota,
Third Division.

Dec. 6, 1963.

Hyman H. Cohen, St. Paul, Minn., for plaintiff.

J. Earl Cudd, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

LARSON, District Judge.

Plaintiff brings this action under the Social Security Act, 42 U.S.C.A. § 405(g), to appeal a "final decision" of the Secretary of Health, Education and Welfare denying his claim for the establishment of a period of disability and disability insurance benefits. The decision appealed from was made by the Hearing Examiner on December 18, 1959. It became the "final decision" of the Secretary when the Appeals Council of the Social Security Administration denied plaintiff's request for review of the Hearing Examiner's decision on December 7, 1960. 20 C.F.R. § 422.6(c). (1961) (Now C.F.R. § 422.7(d)) (Supp. 1963).

42 U.S.C.A. § 416(i) provides for the elimination from a person's earnings record of the period that he is under a "disability." Since the Social Security benefits payable to a wage earner or his beneficiary upon retirement or death is computed by dividing the total earnings of the wage earner by the number of months in his earnings period, it can be seen that were it not for the "freeze" of § 416(i) a disabled person would have his eventual benefits reduced by the inclusion of the period of disability in the earnings period. 42 U.S.C.A. § 423 provides for the payment of monthly ben-

efits to a person under a disability. A "disability" is defined as:

" * * * an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." 42 U.S.C.A. §§ 416(i), 423(c) (2).

Plaintiff filed his application on June 13, 1957. To have been eligible for benefits plaintiff would have had to meet the "insured status" requirements of § 416(i) and § 423(c) (1). The plaintiff last met those requirements on June 30, 1958.

The record indicates that plaintiff was 54 years of age at the time of the hearing, that he had a sixth grade education, and that he had been a sheet metal worker for most of his working life. In 1948 plaintiff ceased work as a sheet metal man and operated a tavern for about six months. Plaintiff and his wife then bought a grocery store in Downing, Wisconsin, which the plaintiff's wife operated while the plaintiff worked as a sheet metal worker and loaded box cars in St. Paul, commuting to Downing on weekends. He stopped working in St. Paul in November, 1954, and in 1956 he and his wife sold the grocery store.

It is plaintiff's testimony that he ceased his sheet metal work because of illness, but that he and his wife sold the grocery store because it was losing money.

The record contains a rather extensive medical history of the plaintiff. It shows that he suffered a mild stroke in 1947 and that after the stroke he had vision difficulties. He complained of vision difficulties and of fatigue again in 1954, at which time his eye trouble (double vision) was confirmed. A 1955 report of the Rehabilitation Division of the Wisconsin State Board of Vocational and Adult Education indicated that the plaintiff could not take a job that required normal vision. In September of 1958 a doctor examining plaintiff for the Minnesota Vocational Rehabilitation Agency found that he had a vascular disorder of the brain, possible coronary disease, marked tiredness, double vision and inability to look up. It was recommended that the plaintiff avoid working conditions involving "heavy machinery, strenuous activity, any exertion, height," but the doctor also said, "I believe this man can do a light type of work."

The plaintiff underwent additional examinations in 1959. A report filed in March of that year again referred to the plaintiff's cardiovascular condition and the doctor remarked that the plaintiff could do "light work of a sedentary nature." His functional capacity was marked as Class 2 on the American Heart Association scale.[1] Examinations performed on him in October and November indicated that his disability was mental rather than physical.

This Court's scope of review is determined by § 405(g) of the Act, which states that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." Substantial evidence means, according to the Supreme Court, evidence which is "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939). The medical evidence was in conflict and the resolution of this conflict is the function of the trier of fact. The Hearing Examiner found that the plaintiff's impairments were not of sufficient severity to render him unable to "engage in some substantial gainful work" and denied his claim.

---

1. There are four classes of "functional capacity" according to the American Heart Association:
   Class 1—(No limitation of physical activity)
   Class 2—(Slight limitation)
   Class 3—(Marked limitation)
   Class 4—(Complete limitation).

While the Hearing Examiner made no more specific finding, a practice this Court disapproves, the record is sufficient to indicate that the plaintiff could have engaged in light sedentary work. If this were a jury trial, the plaintiff would not have been entitled to a directed verdict.

Does a finding of fact, supported by substantial evidence, that the plaintiff can engage in light sedentary work meet the test of "disability?" The defendant so argues, placing his emphasis on the word "any" in the disability definition. But his argument must be rejected.

The question of the proper standard of disability under §§ 416 and 423 of the Social Security Act has produced a flood of cases. See generally Annotation, What Constitutes "Disability" within Federal Social Security Act, 77 A.L.R.2d 641 (1961). The defendant has apparently taken the position in these cases, as he does now, that a claimant must be unable to engage in *"any* substantial gainful activity" and that a claimant such as the instant plaintiff who is *medically* capable of performing, say, light sedentary work is not unable to engage in any activity. The defendant also apparently has cited the same legislative history in support of his position to previous courts that he here cites.[2]

█ What the defendant fails to accept, and what the Hearing Examiner failed to put into practice, is that the standard of disability under the Act is an individualized or subjective one. In the first instance, a determination must

be made as to the nature and extent of the physical or mental impairment and then it must be decided whether or not the impairment is the cause of an inability to engage in any substantial gainful activity. The defendant's argument is that since Congress said that inability to engage in any substantial gainful activity is a prerequisite for disability, then a Hearing Examiner's finding that a claimant is medically capable of doing some work precludes a finding that the claimant is disabled. But this argument suffers from a logical short circuit. Medical capability for work is irrelevant to the question of disability if the individual is not otherwise qualified to do the work and has no prospect, or only a remote prospect, of obtaining the work. "[T]he definition of disability cannot be considered *in vacuo.* The definition relates to the individual claimant. * * * The word 'any' must be read in the light of what is reasonably possible, not of what is conceivable. The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment." Chief Judge Biggs of the Third Circuit sitting as a District Judge by special designation in Klimaszewski v. Flemming, 176 F.Supp. 927, 931–932 (E.D.Pa.1959).

This view of the statute has been taken by the great majority of Courts,[3]

2. "Only those individuals who are totally disabled by illness, injury, or other physical or mental impairment which can be expected to be of long-continued and indefinite duration may qualify for the freeze. The impairment must be medically determinable and preclude the individual from performing any substantially gainful work. * * * The physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantially gainful work. Standards for evaluating the severity of disabling conditions * * * will reflect the requirement that the individual be

disabled not only for his usual work but also for any type of substantially gainful activity." Sen.Rep. No. 1987, 83d Cong., 2d Sess., pp. 20–21, H.R.Rep. No. 1698, 83d Cong., 2d Sess., p. 23, U.S.Code Cong. and Adm.News 1954, p. 3730.

3. E.g., Jones v. Celebrezze, 321 F.2d 192 (6th Cir. 1963) ; Farley v. Celebrezze, 315 F.2d 704 (3rd Cir. 1963) ; Butler v. Flemming, 288 F.2d 591 (5th Cir. 1961) ; Ribicoff v. Hughes, 295 F.2d 833 (8th Cir. 1961) ; Teeter v. Flemming, 270 F.2d 871, 77 A.L.R.2d 636 (7th Cir. 1959) ; Kerner v. Flemming, 283 F.2d 916 (2nd Cir. 1960) ; Paul v. Ribicoff, 206 F.

and the only Court of Appeals opinion the defendant cites in support of his position is really the other way [4] as are the defendant's own Regulations.[5] This Court is thus bound to take the course it does, but if it had a choice it would feel compelled by the logic of the statute discussed above and by considerations of its function in the legislative scheme to so act. Without an individualized application of the standard it would be impossible for the defendant to make a reasoned determination as to whether a particular claimant was unable to engage in any substantial and gainful activity. If the defendant cannot make such a determination, there is no basis upon which this Court can review the defendant's actions. Congress provided for judicial review of the defendant's findings;[6] therefore, Congress must have intended that the standard of disability be an individualized one.

As was indicated in footnote 5, supra, the defendant in his Regulations has stated that an individualized standard is to be used. The Regulations highlight the error of the Hearing Examiner in the

Supp. 606 (D.Colo.1962) (discussion of distribution of burden of proof); Parfenuk v. Flemming, 182 F.Supp. 532 (D. Mass.1960); Wyzanski, J.); Aaron v. Fleming, 168 F.Supp. 291 (E.D.Ala. 1958) (Rives, J., sitting as district judge).

4. In Adams v. Flemming, 276 F.2d 901 (2nd Cir. 1960), the claimant was a 58 year old ex-insurance *executive* who suffered from a sinus condition. There was little evidence indicating that the claimant was seriously disabled and the court reversed the district court and affirmed the hearing examiner, saying that his finding that the claimant was not disabled was "well supported by the evidence." The court, in footnote 3 at p. 904, of 276 F. 2d pointed out that the district court "apparently construed this statutory criterion as meaning disability to undertake the claimant's previous occupation." Disapproving this construction, the court went on to comment on Jacobson v. Folsom, 158 F.Supp. 281 (S.D.N.Y.1957), "Judge Kaufman * * * appears to have leaned toward a theory of specific occupational disability, but his opinion should be read merely to require that the claimant's age, training and experience be considered when determining what activities, if any, are open to him." The defendant, by insisting that "the claimant must be disabled not only for his usual work but also for *any* type of substantial gainful activity" (emphasis defendant's), must disapprove taking these factors into consideration and it was, thus, inappropriate for him to cite Adams in support of the above quoted assertion.

5. 20 C.F.R. § 404.1502 (1960):
"Whether or not an impairment in a particular case constitutes a disability, as defined in § 404.1501(a) and (b) (1) is determined from all the facts of that case. Primary consideration is given to the severity of the individual's impairment.
*Consideration is also given to such other factors as the individual's age, education, training and work experience.*" (Emphasis added.)
A distinguished judge has made the following comment on this regulation:
"The defendant quite rightly notes that in other areas of law where a person claims that he is totally disabled it is up to him to bear the burden of negativing the possibility of his being employed even in types of jobs he never had tried. He has to show that he or someone else probed the labor market and found that there were no available substantial jobs for anyone with his characteristics and possibilities of rehabilitation. Cf. United States v. Still, 4 Cir., 120 F.2d 876. And surely the Social Security Administration could reasonably have put upon claimants the burden of proving that there was no market for their services. But those who drafted the regulations presumably considered that there would be inconveniences and inequities in applying to this Act the usual formula. Claimants were usually poor. Rarely did they have lawyers. Efforts to show the state of the labor market would be expensive. To require a claimant in each case to show what he had done in looking for different types of jobs might in some instances work a hardship. Therefore, the Social Security Administration's Regulation directs that after giving primary consideration to the severity of the claimant's impairment, those who pass upon his claim shall consider such other factors as the individual's education, training, and work experience." Wyzanski, J., in Scales v. Flemming, 183 F.Supp. 710, 714 (D.Mass.1959).

6. It did not have to do so, see 38 U.S.C.A. § 211(a) (decisions of Administrator of Veterans Administration on claims under any law administered by Veterans Administration not subject to judicial review.)

instant case. After rehearsing the medical evidence and summarizing the hearing, the Hearing Examiner's decision goes on to say:

"It is the finding of the hearing examiner that the claimant's impairments are not of sufficient severity as to make him unable to engage in some substantial gainful work * * *"

But the Regulations say:

"Conditions which fall short of the levels of severity indicated must also be evaluated in terms of whether they do in fact prevent the individual from engaging in any substantial gainful activity taking into account his age, education, training and work experience." 20 C.F.R. § 404.1502(b).

"(c) Where an individual with a marginal education and long work experience (e. g., 35 to 40 years or more) limited to the performance of arduous unskilled physical labor is not working and is no longer able to perform such labor because of a significant impairment or impairments and, considering his age, education, and vocational background is unable to engage in lighter work, such individual may be found to be under a disability. On the other hand, a different conclusion may be reached where it is found that such individual is working or has worked despite his impairment or impairments (except where such work is sporadic or is medically contraindicated) depending upon all the facts in the case." id at (c)

And see example in 1963 Supp. to 20 C.F.R. § 404.1502(b).

The defendant's position is repudiated by the weight of judicial authority, by the requirements of sound judicial review, and by his own Regulations. In addition to making a determination as to what the plaintiff can do, the Hearing Examiner must also determine what employment opportunities are available for a person "who can do only what [plaintiff] can do." Kerner v. Flemming, 283 F.2d 916, 919, 921 (2nd Cir. 1960) (Friendly, J.). Since this second determination was not made, the case is remanded to the defendant so that it can be made. 42 U.S.C.A. § 405(g). See Kerner v. Flemming, supra; Ferguson v. Celebrezze, 222 F.Supp. 499 (E.D.Ky.1963); Jacobson v. Folsom, 158 F.Supp. 281 (S.D.N.Y.1958).

This Court does not intend to turn the Hearing Examiner into a vocational guidance counselor or an employment agent. But it does intend to require the defendant to bring forth evidence upon which a finding can be made as to work which the instant plaintiff can reasonably be expected to do and to obtain. The statute places the burden on the claimant but when a claimant such as the instant plaintiff comes forth with evidence of a serious physical impairment, the record must contain evidence on which a denial of this claim can be based. It may be necessary for additional medical evidence to be obtained. As Judge Friendly has said:

"It should not be hard to provide better medical evidence as to what work plaintiff can and cannot do, and the Secretary's expertise should enable him readily to furnish information as to the employment opportunities (including those in sheltered workshops), or the lack of them, for persons of plaintiff's skills and limitations. We recognize that the Department must process many thousands of disability applications annually and that it is impracticable to treat even the relatively small proportion that go to hearing with the elaboration of the trial of a personal injury case. We do not insist upon anything approaching that; and the time and effort required to make an adequate record are often less than what is needed for an effort, necessarily vain, to distill supportable conclusions from an inadequate one." Kerner v. Flemming, supra, 283 F.2d at 922.

The problems posed by this statute when the claimant has had little education and has done only heavy labor should not be minimized. Under the individualized approach, the defendant will often be required to produce more evidence to counter an ex-manual laborer's proof that he is not qualified to engage in any substantial gainful activity than it will when the claimant is a former office worker. This is demonstrated by the recent Eighth Circuit case of Celebrezze v. Bolas, 316 F.2d 498 (8th Cir. 1963). The claimant was a 56 year old ex-insurance salesman and agent applying for a "freeze." [7] He suffered from spinal arthritis, dizziness and fatigue. The Appeals Council found him not disabled and the District Court reversed the Appeals Council. There had been a medical examination at Government expense. In reversing the District Court, the Court of Appeals said that the decision of the Appeals Council was supported by substantial evidence. Judge Blackmun went on to say:

> "We are not persuaded by the suggestion that the record fails to disclose what this claimant could do by way of gainful employment. More than one physician testified that his condition was compatible with light work and work of a sedentary or semi-sedentary character. This is not a situation where this kind of activity would be new and untried for Bolas and beyond his capacities, training and experience. Compare Randall v. Flemming, W.D. Mich.1961, 192 F.Supp. 111, 123, 128 * * * [8] His work with the Metropolitan as a district agent fits this classification. He was not unfamiliar with office work. * * * It is not the duty or the burden of the Secretary to find a specific employer and a specific job for the claimant. Some effort and some ingenuity, albeit within the range of his capacity, remains for him to exercise." 316 F.2d at 507.

■ The last sentence of Judge Blackmun's statement quoted above is an important limitation on the evidence the defendant must come forward with in a case of this nature. Where a claimant, such as the instant plaintiff, has failed to make an effort to obtain employment, it seems obvious that a finding of non-disability can be supported on less evidence than where a claimant has attempted unsuccessfully to obtain employment, or, having found employment, has been unable to carry it through. In the former case the evidence upon which the defendant could rely would be limited by the actual experience of the claimant.

The matter is remanded to the defendant in order that further evidence be taken and findings made in accordance with the foregoing Memorandum.

---

7. The statutory definition is, of course, the same, and the cases do not distinguish between disability for "freeze" and for direct benefit purposes. Anno. supra, 77 A.L.R.2d at 643.

8. The passages of Randall v. Flemming cited in Bolas are:
"To summarize, the courts have generally agreed that the test of a claimant's disability or inability to engage in any substantial gainful activity is a subjective one, that is, what is reasonably possible in the light of the plaintiff's physical and mental capacities and his education, training, and experience. It is not necessary that the plaintiff establish the complete absence of any opportunity for substantial gainful employment; he need only establish that he has become disabled from employment in any work or vocation in which he could profitably seek employment in the light of his physical and mental capacities and his education, training, and experience. Furthermore, it is clear that a plaintiff need not be totally helpless or bedridden in order to be considered disabled under the Social Security Act." 192 F.Supp. at 123.
"Considering his impaired physical condition and his limited education, training, and experience, it seems unlikely that any offers of employment will be made to him or that he will obtain any substantial gainful employment in the future." 192 F.Supp. at 128.