George R. **RICHARD**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. 3–65–73.

United States District Court
D. Minnesota,
Third Division.
Nov. 12, 1965.

Robins, Davis & Lyons, by John M. Sands, St. Paul, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., by Sidney.P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff herein seeks review of a decision of the Secretary of Health, Education, and Welfare, denying his application to establish a period of disability and for disability insurance benefits pursuant to the provisions of Title II of the Social Security Act.[1]

Plaintiff's application was originally denied in 1961. Plaintiff thereafter obtained a hearing before a hearing examiner of the Bureau of Hearings and Appeals, Social Security Administration, on February 20, 1964. The hearing examiner denied the application. The Appeals Council subsequently denied plaintiff's request for review on January 12, 1965.

Plaintiff now brings this timely action[2] for review of this "final decision" of the Secretary. Plaintiff contends that the findings of fact and conclusions of defendant and its agents are not supported by substantial evidence and are contrary to law.

Defendant moves for judgment affirming the decision of the Secretary. Defendant contends that the findings of fact and conclusions are supported by substantial evidence and are therefore conclusive.

The scope of this review is limited by 42 U.S.C. § 405(g), which states that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." If there is substantial evidence to support the examiner's finding that plaintiff is not permanently disabled, his decision must be affirmed, absent errors of law.[3]

This Court has read and considered the transcript and the briefs filed in this case, and has concluded that the Secretary's decision that plaintiff failed to prove disability is supported by substantial evidence.

Plaintiff has a history of back trouble, and there is no question that he is partly handicapped. But he has had no surgery since 1954 and he went back to work for Theo. Hamm Brewing Company for almost five years after his last surgery. There is evidence that he was able to do the work, before he was discharged, even though much of his work involved bending, often at a fast pace. The record contains a letter from the personnel manager of Hamm stating that plaintiff was discharged from his last job "for repeated garnishments"; that he had handled his particular job well; and that his physical condition "had no bearing whatsoever upon his discharge." Plaintiff has not worked since.

A vocational expert testified that there were a number of specific types of job available to a man with plaintiff's disability, and also that such jobs were available in the area in which plaintiff lived. Even the medical experts who testified as to plaintiff's disability did not rule out his ability to do certain types of light work; plaintiff himself testified that no doctor had told him that he should not do any work. In addition, there is evidence in the record that plaintiff's problems stemmed in part from the fact that he did not care to go back to work.[4]

This evidence, while not overwhelming, is legally sufficient to support the Secretary's decision. The existence of evidence to the contrary cannot rebut that reality.

1. 42 U.S.C. § 401 et seq.

2. 42 U.S.C. § 405(g).

3. Celebrezze v. Bolas, 8 Cir., 316 F.2d 498; Brasher v. Celebrezze, 8 Cir., 340 F.2d 413; Watson v. Flemming, D.C.Minn., 183 F.Supp. 942; In re Eastern Minnsota Power Corporation, D.C.Minn., 74 F. Supp. 528.

4. See Brasher v. Celebrezze, supra note 3, 340 F.2d at 416–418.

■ Plaintiff strongly urges that there is a lack of substantial evidence, but his arguments are generally directed to the *weight* of the evidence and not to the existence of evidence indicating that plaintiff is not disabled. It is not the function of this Court in reviewing this administrative decision to declare that the evidence is "outweighed" and "balanced" by other evidence in the record, even though there might be substantial evidence which would support a contrary conclusion. Conflicts in the evidence are to be resolved by the trier of fact.[5]

■ Plaintiff's other arguments, some made only implicitly, require a response. The statutory definition of "disability" requires that the alleged inability to engage in any substantial gainful activity be by reason of the alleged physical or mental impairment.[6] Thus, plaintiff is not disabled if he is unemployable because of financial problems, personal attitudes toward others, or because companies are wary of hiring persons whose physical condition makes them a financial risk; mere undesirability is not disability. This Court is not aware of any decisions indicating that a person is disabled if he cannot find a job with his former employer.

■ The Secretary need not prove that a specific job is actually available to plaintiff. He need only show plaintiff's ability to perform some type of work. "The Act is not to be interpreted as unemployment compensation insurance."[7] It is not the duty of the Secretary to find a job for plaintiff. "Some effort and some ingenuity, albeit within the range of his capacity, remains for him to exercise."[8]

The decision of the Secretary of Health, Education, and Welfare ought to be, and it is hereby, affirmed.

It is so ordered.

Plaintiff is allowed an exception.

---

5. See cases cited in note 3 supra.

6. 42 U.S.C. § 416(i) (1): Celebrezze v. Bolas. supra note 3.

---

7. Celebrezze v. Sutton, 8 Cir., 338 F.2d 417, 422.

8. Celebrezze v. Bolas, supra note 3, 316 F. 2d at 507.