**Patrick J. BRENNAN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant.**

Civ. No. 3–65–65.

United States District Court
D. Minnesota,
Third Division.

March 3, 1966.

**30**

Reginald Ames, St. Paul, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., by Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

1. 42 U.S.C. § 401 et seq.

2. 42 U.S.C. §§ 416(i) (1) and 423(c) (2).

3. 42 U.S.C. § 405(g).

4. See, also, 42 U.S.C. § 405(h).

DONOVAN, Senior District Judge.

Plaintiff herein seeks review of a decision of the Secretary of Health, Education, and Welfare, denying his application to establish a period of disability and for disability insurance benefits pursuant to the provisions of Title II of the Social Security Act.[1]

Plaintiff's application was denied in 1963 after consideration and reconsideration by the Social Security Administration. Plaintiff thereafter obtained a hearing before a hearing examiner, who denied his application after determining that plaintiff had no "disability"[2] within the meaning of the Act. The Appeals Council, after receiving additional evidence, denied plaintiff's request for review.

Plaintiff now brings this timely action[3] for review of this "final decision" of the Secretary. Defendant moves for judgment affirming that decision.

The scope of this review is limited by 42 U.S.C. § 405(g),[4] which states that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." If the examiner's finding that plaintiff has no "disability" is supported by substantial evidence, his decision must be affirmed.[5]

This Court has examined the transcript and briefs filed in this action, and has concluded that the Secretary's decision that plaintiff failed to prove "disability" is supported by substantial evidence.

Plaintiff claims that he is unable to work due to a heart condition, blindness in one eye with a limited visual field in the other, and weakness in the right arm. There is no doubt that plaintiff has physical difficulties. If sympathy could be used to outweigh plaintiff's burden of proof, the .scales of justice would dip toward Brennan. However,

5. Celebrezze v. Bolas, 8 Cir., 316 F.2d 498; Brasher v. Celebrezze, 8 Cir., 340 F.2d 413; Celebrezze v. Sutton, 8 Cir., 338 F. 2d 417; Richard v. United States, D.C. Minn., 247 F.Supp. 183; Laine v. Ribicoff, D.C.Minn., 196 F.Supp. 469.

proof of the mere existence of impairments does not meet the required statutory standard.[6] The claimant must also prove an "inability to engage in any substantial gainful activity by reason of" the impairments.[7] The hearing examiner having found that plaintiff did not have such a "disability," and the Court's power being limited to determining the existence of substantial evidence, and there being such evidence, the decision must be affirmed. A verdict could not have been directed for plaintiff on the evidence if this were a jury case. That is the test.[8]

 Plaintiff's counsel has ably argued the weight of the evidence claimed to oppose the reasoning of the examiner. Nonetheless, the argument cannot prevail against the validity of the examiner's ultimate finding, even though it may create a doubt about the correctness of that finding. This Court is not a medical tribunal, and cannot interfere with the interpretations of evidence, the inferences drawn therefrom, and the reasoning as to cause and effect as arrived at by the trier of facts. Conflicts in the evidence are for the trier and the finder of facts. Frequently in cases having to do with jury verdicts the reviewing courts have said that if the court were the trier of the facts, it may have arrived at a contrary conclusion. Such reasoning is of no consequences as all

inferences are in favor of sustaining the facts as found.[9]

 The evidence has been examined in detail, but it need not be detailed in this memorandum. The Court is to look at the record as a whole.[10] The record contains evidence from which the examiner could find that the impairments of plaintiff's eyes and right arm were substantially the same as they had been for a number of years while he was working, and that these impairments were therefore not disabling.[11] The examiner could thus validly find that the existence of the alleged disability turned on the existence of a serious heart condition.[12] A vocational expert testified that if plaintiff had no serious heart condition, he could do some jobs in spite of his other impairments, particularly in light of his experience and his knowledge of the meat packing industry.

 There is substantial evidence to support the examiner's finding that plaintiff did not have a heart condition serious enough to preclude substantial gainful activity. Two qualified doctors of the Cardiac Work Evaluation Unit examined plaintiff and conducted tests, and could find no objective evidence of serious heart trouble. They concluded that plaintiff "has a very excellent capacity for work at the present time, and most likely can work at a level of 5 to 5.5 calories per minute with weight lifting of not over 65 pounds." Even plaintiff's

6. Celebrezze v. Sutton, supra note 5.

7. 42 U.S.C. §§ 416(i) (1) and 423(c) (2); See cases cited in note 5 supra.

8. Celebrezze v. Bolas, supra note 5, 316 F. 2d at 506; Celebrezze v. Sutton, supra note 5, 338 F.2d at 421; Sanders v. Celebrezze, D.C.Minn., 225 F.Supp. 836, 838–839.

9. See cases cited in note 5 supra; See Railway Express Agency, Inc. v. Mackay, 8 Cir., 181 F.2d 257, 19 A.L.R.2d 1248.

10. Celebrezze v. Bolas, supra note 5; Brasher v. Celebrezze, supra note 5.

11. Even the loss of an entire arm is not necessarily disabling, Robinson v. Celebrezze, 5 Cir., 326 F.2d 840, 841. See Keefe v. Ribicoff, D.C.N.D.N.Y., 200 F.

Supp. 297 and Estepp v. Celebrezze, D.C. S.D.W.Va., 210 F.Supp. 724, wherein similar eye conditions, even when coupled with other alleged impairments, did not require findings of disability where claimants had returned to work after their eye injuries.

12. This is not a "fragmentization" of the ailments, on the facts of this case, but is a permissible finding of ultimate fact, based on permissible reasoning to the effect that if three causes are alleged, and two of the three had existed for a long time previously, and the third is found to be non-existent, that therefore it has not been established that any or all of the three had caused the alleged effect.

doctor admitted that he had no objective proof of the alleged heart condition, and that his diagnosis was based almost entirely upon the history of plaintiff's complaints. The hearing examiner is not required to completely accept subjective testimony of the claimant.[13]

Plaintiff worked for a significant period of time after he first complained of heart trouble; after an examination in 1960, he worked for two more years. His doctor in 1962 rated his heart condition as Class II, imposing only a slight limitation of activity, which was the same rating given by another doctor in 1960. When plaintiff stopped working, it was not because his employer was dissatisfied; plaintiff quit. It is not without significance that plaintiff has not attempted to find employment since that time.[14]

In support of his contentions, plaintiff cites a number of cases, which have been considered. Each of these cases is either distinguishable on its facts or is in conflict with the clear line of decisions in the Eighth Circuit and the District of Minnesota. In this jurisdiction, the scope of review is properly limited, and the courts will not re-evaluate the facts. The test in this jurisdiction is physical "disability," not the practical difficulty in obtaining employment.[15]

Plaintiff's case has already received detailed attention by a number of highly qualified experts. Looking at the record as a whole, it is clear that he has had a fair hearing on his claim. There is no valid reason to remand this case for further consideration.

The decision of the Secretary of Health, Education, and Welfare, denying plaintiff's application to establish a period of disability and for disability insurance benefits, must be, and the same is, hereby affirmed.

It is so ordered.

Plaintiff may have an exception.

13. See Dvorak v. Celebrezze, 10 Cir., 345 F.2d 894; Celebrezze v. Bolas, supra note 5, 316 F.2d at 506.

14. Sanders v. Celebrezze, supra note 8, 225 F.Supp. at 842.

15. Celebrezze v. Sutton, supra note 5, 338 F.2d at 422; Richard v. Celebrezze, supra note 5, 247 F.Supp. at 185.