Pole CAMPBELL, Plaintiff-Appellee,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 16320.

United States Court of Appeals
Sixth Circuit.

Jan. 16, 1967.

Florence Wagman Roisman, Dept. of Justice, Washington, D. C., (John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on the brief), for appellant.

Alva A. Hollon, Hazard, Ky., for appellee.

Before PHILLIPS, Circuit Judge; CECIL, Senior Circuit Judge, and KENT, District Judge.*

KENT, District Judge.

Pole Campbell filed his application for disability benefits under the Social Security Act, Title 42, U.S.C.A. Section 423. After a hearing the Hearing Examiner denied applicant any period of disability or disability insurance benefits, which was affirmed by the Appeals Council. Thereafter, and by order entered May 23, 1963, the District Court remanded the case to the Secretary for further administrative action. The matter was referred to a hearing examiner for additional testimony, which was taken, and on August 14, 1963, the hearing examiner denied benefits to the appellee. Thereafter, by a decision of the Appeals Council, entered on September 30, 1963, the decision of the hearing examiner was adopted as the decision of the Appeals Council.

From the denial of the benefits the appellee filed an action in the United States District Court for the Eastern District of Kentucky, against the Secretary of Health, Education and Welfare, pursuant to 42 U.S.C.A. § 405(g).

It appears from the record that Pole Campbell was born July 10, 1917. He has a seventh grade education without any formal vocational training. He was 46 years of age at the time the final order of the Department was entered. He started to work in the coal mines at the age of 17, and continued such work until 1960. Campbell claims that he terminated his employment at the coal mine be-

* Honorable K. Wallace Kent, United States District Judge for the Western District of Michigan, sitting by designation.

cause of his disability. However, the employment terminated at the time the mine was shut down (temporarily), and in a discussion with a Social Security representative, a physician stated:

"If the mine had not closed he would have continued working and would have been working today." Tr. 263/264.

The Social Security representative reported that the doctor stated that the individual is not physically disabled. The doctor stated: "Claimant got the Social Security benefits in his mind when he filed his claim and since then his only goal is to get the benefits."

The record shows that the appellee has had many and varied medical contacts since he was laid off at the mine. It appears that no purpose would be served by a detailed résumé of the medical testimony. Some doctors stated that the applicant was totally disabled, others stated that he was able to work after he was deprived of certain medication, the addiction to which was having an adverse effect upon his health.

A vocational consultant testified that there were jobs existing in the economy of Eastern Kentucky which could be performed by this applicant. Admittedly, the applicant has made no effort to obtain employment and has failed or refused to accept the services of the Kentucky State Rehabilitation Service. The medical testimony would permit the hearing examiner to reach almost any conclusion. However, this court has previously stated in Justice v. Gardner, 360 F.2d 998, 1002, (6th Cir. 1966):

"It is not the burden of the Secretary to make an initial showing of non-disability. Erickson v. Ribicoff, 305 F.2d 638, 640 (6th Cir., 1962); Cyrus v. Celebrezze, 341 F.2d 192, 195, (4th Cir., 1965). The plaintiff before us is not a past middle age coal miner with serious physical disabilities, who can work only if some sedentary and specialized type of employment can be found for him. We do not think that in this case the burden was upon the Secretary to precisely point to a job available to this 36 year old man in 'generally excellent physical condition' whose only ailment is an ulcer which was shown to respond favorably to dietary and medical control."

■ This court has also stated in May v. Gardner, 362 F.2d 616, 617, (6th Cir., 1966):

"It is settled that the burden of proof rested upon appellee to establish his entitlement to disability benefits under the Act. (Citations omitted). Moreover, the Act plainly directs that: 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.' And it is equally clear that the same finality extends as well to such inferences and conclusions as the Secretary may reasonably draw from the evidence." (Citations omitted.)

■ This record clearly demonstrates that the claimant's disability has been reduced to a substantial extent by medical treatment although he has yet to acknowledge this fact. It appears that he may be somewhat weak at the present time because of long avoidance of any physical activity, but there is more than adequate evidence that other jobs could be available to him if he were to seek them out. Certainly, if he were to take advantage of the available rehabilitation training he should be able to find employment. As stated in Sanders v. Celebrezze, 225 F.Supp. 836, 842 (D.C. Minn.):

"Where a claimant * * * has failed to make an effort to obtain employment, it seems obvious that a finding of non-disability can be supported on less evidence than where a claimant has attempted unsuccessfully to obtain employment, or, having found employment, has been unable to carry it through."

For the reasons herein stated the decision of the District Court awarding benefits to the appellee is reversed.