**Henry J. GENDREAU, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education & Welfare, Defendant.**

**No. 6–68–Civ.–7.**

United States District Court
D. Minnesota,
Sixth Division.
April 16, 1969.

Richard F. Nitz, Williams, Nelson & Nitz, Fergus Falls, Minn., for plaintiff.

Patrick J. Foley, U. S. Atty., and Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This action is brought to review the findings of the defendant Secretary's delegate that the plaintiff is not entitled to receive disability benefits under the Social Security Act, specifically § 223. Section 423 of Title 42 U.S.C.A. The defendant has moved for summary judgment. That motion is granted.

The plaintiff first applied for disability benefits in March of 1966. The Bureau of Disability Insurance of the Social Security Administration ruled that he was not entitled to disability benefits. That same Bureau, upon reconsideration, affirmed its original position. The plaintiff then sought a hearing before an independent examiner. After a full hearing, an examiner determined, on March 31, 1967, that plaintiff was not entitled to disability benefits under the law. The Appeals Council, upon complete review of the facts and record deemed the hearing examiner's decision to be correct. Here, plaintiff seeks a review of that determination.

The scope of review allotted to district courts in such cases is clearly

limited by statute. Social Security Act § 205(g), (h). 42 U.S.C.A. § 405(g), (h). Numerous decisions of this and other courts have made it clear that the findings of the Secretary or his delegate which have substantial support in the record are conclusive. The requisite "substantial support" is evidence of record sufficient to support a conclusion in the mind of a reasonable man. We do not resolve conflicts of evidence or balance the respective weights of the competing parties' facts. We only review the record to check for the existence of substantial evidence in support of the Secretary's findings. Nelson v. Gardner, 386 F.2d 92 (6th Cir. 1967); Dvorak v. Celebreeze, 345 F.2d 894 (10th Cir. 1965); Celebreeze v. Bolas, 316 F.2d 498 (8th Cir. 1963); Brennan v. Secretary of Health, Educ. and Welf., 254 F.Supp. 29 (D.Minn.1966); Richard v. Celebreeze, 247 F.Supp. 183 (D.Minn.1965).

To be entitled to disability benefits under the Act, an applicant has the burden[1] of establishing that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *." Social Security Act § 223(d) (1) (A). 42 U.S.C.A. § 423(d) (1) (A). See, e. g. Easttam v. Secretary of Health, Educ. and Welf., 364 F.2d 509 (8th Cir. 1966).

■■■ The plaintiff claims to have suffered under a disability since December of 1965. The major cause of the impairment is allegedly osteomyelitis. He also alleges various spinal maladies arising from an automobile accident in 1958.

The plaintiff is sixty-one years old and is of average size. For several years until 1966 he operated his own real estate business in Alexandria, Minnesota. While he has not worked since 1966, he is able to drive a car for a substantial distance and walk at least three blocks without significant pain.

No one doubts that plaintiff has more than illusory medical deficits. But the record contains substantial evidence to support the finding that plaintiff failed to show, as he must have, that his impairment is so severe that he cannot in light of his age, experience, and background engage in any substantial and gainful work which exists in the "national economy." Social Security Act § 223 (d) (2) (A). 42 U.S.C.A. § 423(d) (2) (A).[2] The Secretary is not required to show that a specific job opening exists and is available to an applicant. See e. g. Kirby v. Gardner, 369 F.2d 302 (10th Cir. 1966), and cases cited p. 550, *supra.*

I have reviewed the complete record that was before the Appeals Council. I find that there is substantial evidence to support the Council's finding that the plaintiff is not entitled to disability benefits. The record as compiled by the hearing examiner and as expanded by the Appeals Council was comprehensive encompassing objective medical reports; diagnoses and opinions of several experts based on those facts; testimony and subjective evidence of pain; and work experience and history of the applicant. The findings of the Secretary having substantial support in the record are conclusive. Defendant's motion for summary judgment is therefore

Granted.

---

1. Title 42 U.S.C.A. § 423(d) (5). Franklin v. Secretary of Health, Educ. and Welf., 393 F.2d 640 (2d Cir. 1968). Celebreeze v. Sutton, 338 F.2d 417 (8th Cir. 1964).

2. The Social Security Amendments of 1967 are effective with respect to plaintiff's application for disability benefits. Pub. L. 90–248 § 158(e), 81 Stat. 821.