**Kenneth L. ESTEP, Appellee,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Appellant.**

**No. 71–1761.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 9, 1972.

Decided April 24, 1972.

Ronald R. Glancz, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen. of the United States, Kathryn H. Baldwin and Judith S. Ziss, Attys., Dept. of Justice, and W. Warren Upton, U. S. Atty. for the Southern District of West Virginia, on the brief), for appellant.

Franklin W. Kern, Charleston, W. Va., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The Secretary of Health, Education and Welfare appeals from a judgment of the district court granting Kenneth L. Estep a period of disability and disability insurance benefits. The district judge reviewed the evidence and concluded that Estep had sustained the burden of proving his entitlement to the benefits. He made no determination that the Secretary's finding to the contrary was not supported by substantial evidence. We reverse because the procedure followed in the district court did not conform to the standard of review prescribed by the Social Security Act.

Estep, age 22, broke his leg on March 3, 1968 in an automobile accident. The fracture failed to knit properly, and a month later he underwent surgery to have the bone reset. He remained in a cast until late in June and then was permitted to walk with a brace. In September 1968, the doctor advised him to go without the brace except over rough ground or when he encountered other conditions likely to harm his leg. Since November 1968 he has been able to walk without crutches, although he is troubled by climbing steps. In the spring of 1969, he received 22 physical therapy treatments over a period of two months. There is no evidence, however, that the treatments would have interfered with his employment had he been working. An examination on May 24, 1969 by Estep's orthopedic surgeon indicated that he had substantially regained the use of his leg.

For many years, Estep has suffered from other impairments. The movement of his left elbow is slightly limited; a childhood injury necessitated the amputation of a portion of his left ring finger; and he has rheumatic heart disease and mild hypertension. These infirmities, however, had not prevented him from working before he broke his leg, and Estep acknowledged to the hearing examiner that he believed he could work if it were not for his fracture.

■ To obtain disability benefits under the Act a claimant must have an impairment which prevents him from engaging in substantial gainful activity for a period of at least 12 months. 42 U.S.C. §§ 416(i) (1) and 423(d) (1) (A). Unquestionably, by the end of May 1969, at the latest, Estep's injury no longer prevented him from working. His other impairments had never been disabling. Therefore, the issue in this case is whether substantial evidence supports the Secretary's determination that Estep's broken leg had healed sufficient-

ly to permit him to work as early as March 3, 1969.

Estep contends that he was still disabled in March. His claim is supported by a doctor who, at the request of his counsel, examined him shortly before the hearing which was conducted on February 11, 1969. However, at the hearing, Estep testified that his orthopedic surgeon told him in January that his leg had healed with a good union but that he needed physical therapy to restore his muscles and relieve the stiffness in his knee.[1] Thus, any disability Estep suffered in March 1969 stemmed only from residuals of the fracture. These were principally a stiff knee and atrophied muscles. Estep appeared at the hearing without his brace. He could walk without crutches. He complained of difficulty in bending and stooping, but he testified that he could stand for two hours at a time. His doctor, he said, had advised him to exercise by walking. He did not have constant pain, but he noted that his leg hurt in cold weather and that it had a tendency to become numb when he sat for a long time. He also said he had trouble sleeping.

A vocational expert, taking into consideration Estep's high school education and his past employment, testified that Estep could perform several light jobs that did not require bending or stooping, such as an aide in a hospital's central supply room, a marker in a dry cleaning establishment, and a watchman.

■ Title 42 U.S.C. § 405(g) provides, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." This section restricts the scope of judicial review to determining whether substantial evidence supports the administrative decision. It precludes a reviewing court from deciding a claim on its own independent findings. Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir. 1962). Moreover, the Secretary's deci-

---

1. Estep's testimony is corroborated by the surgeon, who, following an examination in May 1969, wrote, "The fracture of the femur of course has healed solidly."

sion, if supported by substantial evidence, must be affirmed even though the reviewing court believes that substantial evidence also supports a contrary result. Rome v. Finch, 409 F.2d 1329, 1330 (5th Cir. 1969).

Notwithstanding an examining physician's opinion that Estep was totally disabled, Estep's own testimony, the objective medical evidence, the information furnished by his surgeon before and after the hearing, and the opinion of the vocational expert amply support the Secretary's finding that Estep's disability had terminated by March 3, 1969. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). The judgment is reversed, and the case is remanded for entry of judgment for the Secretary.

Reversed and remanded.