Woodrow BROCK, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary
of Health, Education and
Welfare, Defendant.

Civ. A. No. FS–74–140–C.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Aug. 25, 1975.

Jim Spears, Sam Sexton, Jr., Fort
Smith, Ark., for plaintiff.

Sam Hugh Park, Asst. U. S. Atty.,
Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

This case arises under Part B, Title IV
of the Federal Coal Mine Health and
Safety Act of 1969, as amended. 30
U.S.C. § 901 et seq. Part B establishes a
program for the payment of benefits by
the Federal Government to coal miners
or their survivors who meet the eligibili-
ty requirements of the Act and regula-
tions promulgated thereunder. In gen-
eral, benefits are payable to living min-
ers who are totally disabled due to pneu-

moconiosis (black lung) arising out of coal mine employment and to the surviving dependents of a miner who was receiving benefits at the time of his death, or whose death was due to such disease, or who was totally disabled due to pneumoconiosis at the time of his death. Claimants who file within the statutory time periods and are subsequently found entitled by the Secretary of Health, Education, and Welfare, receive benefits for life as long as they remain eligible.

This is a suit to review the final decision of the Secretary denying the plaintiff's claim for "black lung" benefits pursuant to Sections 411(a) and 412(a)(1) of the Act, 30 U.S.C. Section 921(a) and 922(a)(1). Section 413(b) of the Act, 30 U.S.C. Section 923(b) incorporates Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. Section 405(g) and (h), by reference. Section 205(g) provides, inter alia, "that the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing." It also provides "that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive

* * * ."

Plaintiff filed an application on November 2, 1970, for miner's benefits under the Federal Coal Mine Health and Safety Act of 1969. The application was denied initially on March 1, 1971. The Act was amended in May 1972. Complying with the Act as amended, the case was forwarded to the Bureau of Disability Insurance for review pursuant to the amended Act. After review of the entire evidence, the Bureau of Disability Insurance again denied the application on July 16, 1973. Plaintiff requested a hearing which was granted; and on June 11, 1974 he and his representative appeared before the administrative law judge. At this time the Judge considered the case de novo, and on August 5, 1974, found that plaintiff was not entitled to benefits under the Act, as amended. The administrative law judge's decision became the final decision of the Secretary of Health, Education, and Welfare when the Appeals Council approved it on November 12, 1974.

The issue before this court is whether the final decision of the Secretary is supported by substantial evidence.

On his application for miner's benefits, plaintiff alleged 18 years of coal mine work and his Social Security earnings verify this. Plaintiff indicated that he had filed a Workmen's Compensation claim in 1944 for a leg injury but that before the present application he had never filed for a lung dysfunction. He testified that he started working in the coal mines in 1943 and stopped working in the mines in 1960. He started driving a truck at that time and has continued to work at the same occupation. He was so employed at the time of the hearing.

Plaintiff stated that he was short of breath and coughed and that he had to sit down to rest. His coughing occurs about once or twice a week. He also said that he worked every day in the mines and did not lose any work because of a breathing problem. Plaintiff first sought medical attention for his lungs about 2 years prior to the time of the hearing.

The medical evidence includes a chest X-ray, dated February 17, 1971 from Holt-Krock Clinic interpreted by Dr. Neil Crow, a radiologist, as negative for pneumoconiosis, which is defined in the Act as chronic dust disease of the lung arising out of employment in a coal mine.

A pulmonary function study performed at the Sparks Regional Medical Center on April 30, 1973, indicated a first second expiratory volume of 2.5 liters and an observed maximal voluntary ventilation of 113 liters per minute.

A report from Dr. William Woods, dated May 23, 1973, noted a history of shortness of breath at night, weak spells and tightness in the chest sometimes at work. Dr. Woods, however noted that the lungs were clear to auscultation and there was no obvious respiratory difficul-

ty at rest. He stated it was his impression that plaintiff had chronic bronchitis.

A pulmonary function study performed by Dr. Merle Woods on February 19, 1974, had a first second expiratory volume of 1.8 liters and a maximal voluntary ventilation of 610 (sic) liters per minute. (This was an obvious typographical error and the administrative law judge concluded that the finding should have been 61 liters per minute.)

■ In order to be entitled to Black Lung benefits, the plaintiff must establish that he has pneumoconiosis, that the pneumoconiosis arose out of coal mine employment and that it disables him within the meaning of the Act. In evaluating the medical evidence the administrative law judge stated in his decision:

"The evidence shows that the Claimant has more than 10 years coal mine employment. Since the pulmonary function study performed on May 23, 1973, shows values less than those set forth in 20 C.F.R. 410.490 (The interim adjudicatory rules), the Claimant is presumed to be disabled as a result of pneumoconiosis.

"However, it is the conclusion of the undersigned that the presumption is rebutted by the Claimant's work activity and the fact that his pulmonary difficulty has only to a very minor extent interfered with his work.

"Under Section 410.412(a), a miner is considered to be disabled if his pneumoconiosis prevents him from working as a coal miner or engaging in gainful work in the immediate area of his residence 'requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity and over a substantial period of time.' The question then is whether being a truck driver delivering septic tanks should be considered 'comparable' to mining work.

"It is certainly not the same type of work, nor is it as arduous. Indeed, no employment is as arduous as the coal mining work in the mines of Arkansas. However, it is concluded that the same general kind of skills are required, that is, hand/eye coordination and the ability to perform a full range of physical activity throughout the course of the working day. In that respect truck driving is 'comparable' to mining. It is concluded that to be 'comparable' employment, the work need not be as arduous. It need only require the same kind of skills and abilities. This, truck driving does. Hence the presumption of disability is rebutted."

Judicial review of determinations made by the Secretary pursuant to the Federal Coal Mine Health and Safety Act is available under the same terms and conditions as is judicial review of determinations under Title II of the Social Security Act.

■ The substantial evidence rule has been unanimously accepted and applied by the courts in social security cases. *Myers v. Richardson,* 471 F.2d 1265 (6 Cir., 1972); *Ross v. Richardson,* 440 F.2d 690 (6 Cir., 1971). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and must be sufficient to justify a refusal to direct a verdict were the case before a jury. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Ross v. Richardson, supra.* Also, the conclusiveness of the Secretary's findings of fact, where supported by substantial evidence, applies to inferences and conclusions that may reasonably be drawn from the evidence. *Crawley v. Finch,* 300 F.Supp. 1343 (E.D.Ky., 1969); *Campbell v. Gardner,* 370 F.2d 921 (6 Cir., 1967); *Celebrezze v. Bolas,* 316 F.2d 498 (8 Cir., 1963).

■ It is well settled that the burden of proof rests upon one who files a claim with an administrative agency to establish that the required conditions of eligibility have been met. *Ryan v. Flemming,* 187 F.Supp. 655 (D.Mont., 1960); *Norment v. Hobby,* 124 F.Supp. 489 (N.D.Ala., 1953); *Dayco v. Federal Trade Commission,* 362 F.2d 180 (6 Cir. 1966). This rule was invariably applied to claims arising under Title II of the

**1332**

Social Security Act; *Celebrezze v. Bolas,* 316 F.2d 498 (8 Cir., 1963); *Harrison v. Richardson,* 448 F.2d 638 (6 Cir., 1971); *Floyd v. Finch,* 441 F.2d 73 (6 Cir., 1971); and the rule is equally applicable to claims brought pursuant to Part B, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended. *Statzer v. Weinberger,* 383 F.Supp. 1258 (E.D. Ky., 1974). The Court finds that plaintiff has not met this burden of proof and accordingly he is not entitled to black lung benefits.

Section 410.424(a) of the Regulations (App. 6a), provides that medical considerations alone shall not justify a finding that an individual is totally disabled if other evidence rebuts such a finding, e. g., the individual is engaged in comparable gainful work.

It is clear that plaintiff retained the ability to engage in comparable gainful employment, and that in fact he was so employed at the time of the hearing. He worked as a truck driver, delivering septic tanks. He has never missed work for the septic tank company as a result of a breathing problem. As the Secretary noted, the plaintiff is currently engaged in gainful, comparable work, and the presumptions to which he was entitled are rebutted. Therefore, the Secretary correctly determined that the plaintiff failed to establish a total disability within the meaning of the Act.

The Court finds that the Secretary's decision is supported by substantial evidence and accordingly the defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed. The Clerk will prepare a separate order to this effect.