Hazel KOSKI, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 74–30–F.

United States District Court,
N. D. West Virginia,
Fairmont Division.

Oct. 16, 1975.

Ross Maruka, Fairmont, W. Va., for plaintiff.

James F. Companion, U. S. Atty., Wheeling, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

■ This is an action for judicial review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim as the widow of a miner for "black lung" benefits under the provisions of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 et seq. Jurisdiction is founded on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h), by reference. This Court's function is limited to a review of the record to determine whether the Secretary's final decision is supported by substantial evidence.

Plaintiff filed her application for benefits on November 30, 1970. Her claim was denied initially and on reconsideration, and before the requested hearing could be conducted, the 1972 amendments to the Act became effective. Her claim was reexamined in consideration of the 1972 amendments and was again denied. A hearing was conducted on July 2, 1973, and the administrative law judge issued his hearing decision denying plaintiff's claim on September 5, 1973. This became the final decision of the Secretary when it was approved by the Appeals Council on June 19, 1974. This action was commenced and is pending on cross-motions for summary judgment.

Plaintiff is the widow of Raymond M. Koski, a coal miner who died on December 8, 1963, at the age of 45, after having worked for fourteen years (April 1947 to April 1961) in the mines.

■ In order to meet the eligibility requirements for widow's benefits, plaintiff must first establish that she is the widow of a miner, was dependent upon him at the time of his death, has not remarried, and has filed a proper application for benefits. 20 C.F.R. § 410.210 (a)–(d). The Secretary acknowledges that these requirements have been satisfied. Plaintiff must, however, then establish that the deceased miner was entitled to benefits at the time of his death,[1] or that he died before January 1, 1974, and was totally disabled due to pneumoconiosis [2] at the time of his death, or that his death was due to pneumoconiosis. 20 C.F.R. § 410.210(e). The Secretary's final decision denies that plaintiff has satisfied either of the applicable requirements.

In accordance with the mandate of § 411(b) of the Act, 30 U.S.C. § 921(b), the Secretary has promulgated regulations (Social Security Administration Regulations No. 10, 20 C.F.R. § 410.401 et seq.) for determining whether a miner

---

1. Inasmuch as the miner's death predated the Act by nearly six years, it is obvious that the miner could not have been entitled to benefits at the time of his death, and no further discussion of this alternative is warranted.

2. Pneumoconiosis is defined in the Act as "a chronic dust disease of the lung arising out of employment in a coal mine." See also 20 C.F.R. § 410.110(o). Total disability is defined in 20 C.F.R. § 410.412 and other regulations referred to therein.

was totally disabled due to pneumoconiosis at the time of this death or whether his death was due to pneumoconiosis. These regulations and the statutory standards and presumptions establish the alternate tests for entitlement.

The first alternative by which entitlement to benefits can be established is found in the interim adjudicatory rules, 20 C.F.R. § 410.490, which provide for a rebuttable presumption of total disability or death due to pneumoconiosis when an x-ray, biopsy or autopsy confirms the existence of simple pneumoconiosis or where ventilatory function studies establish the presence of a chronic respiratory or pulmonary disease as demonstrated by values equal to or less than those set forth in the table within the regulation. In his case, the only x-ray report was negative, and there are no reports of biopsy, autopsy or ventilatory function studies. Thus, plaintiff has failed to satisfy the requirements to qualify under the interim presumption in 20 C.F.R. § 410.490.

The second alternative test is found in § 411(c)(3) of the Act, 30 U.S.C. § 921(c)(3), which is adopted almost verbatim in 20 C.F.R. §§ 410.418 and 410.458. The statute and regulations provide for an irrebuttable presumption of total disability or death due to pneumoconiosis. However, this is a strict test which requires demonstration of the existence of advanced or "complicated" pneumoconiosis by specified x-ray, biopsy or autopsy reports or other generally accepted medical procedures for diagnosis of the disease. In this case, the record is devoid of any evidence to meet these requirements.

The third alternative relates solely to the issue of death due to pneumoconiosis arising out of employment in the coal mines. Where a deceased miner worked ten years or more in the Nation's coal mines and died from a respirable disease, a rebuttable presumption that his death was due to pneumoconiosis is created. 30 U.S.C. § 921(c); 20 C.F.R. §§ 410.456 and 410.-462. Thus, where, as here, plaintiff's husband worked the requisite number of years in the mines, plaintiff need only prove that her husband's death was due to a respiratory disease to satisfy her burden of proof. 20 C.F.R. § 410.462(b) provides, inter alia, that death will be attributed to a respirable disease when death is medically ascribed to a chronic dust disease or to another chronic disease of the lung. However, death will not be attributed to a respiratory disease where the disease reported does not suggest a reasonable possibility that death was due to pneumoconiosis. Id. In this case, the death of the plaintiff's husband was reported to have been caused by disease of the coronary artery. The death certificate contains no reference to any contributing causes of death. There is nothing in the record to establish that plaintiff's husband was being treated for a pulmonary condition, and Dr. Ernest F. Guy, an internal medicine specialist, reported that on December 27, 1961, the last time he examined plaintiff's husband, he made a diagnosis of angina pectoris. Under these circumstances, the Court believes that the Secretary's determination that plaintiff has failed to establish entitlement under this alternative is unassailable.

The final alternative for establishing entitlement is set forth in 20 C.F.R. §§ 410.414, 410.426 and 410.454. This is a two-step process. First, the existence of pneumoconiosis must be established. Second, plaintiff must show that the severity of the disease caused her husband to be totally disabled within the meaning of the Act. The regulations provide that total disability due to pneumoconiosis at the time of death or death due to pneumoconiosis may be presumed in the instance of an individual who had many years of coal mine employment if x-ray, biopsy or autopsy reports establish the existence of pneumoconiosis, or if "other relevant evidence" demonstrates the existence of a totally disabling chronic respiratory or pulmon-

**994**

ary impairment. The "other relevant evidence" that may be considered is set forth in 20 C.F.R. §§ 410.414(c) and 410.454(c), and includes medical tests, evidence submitted by the miner's physician, his spouse's affidavits, and the affidavits of other persons with knowledge of the miner's physical condition. The administrative law judge considered the lay evidence, which included plaintiff's testimony and that of a co-worker, written statements of the claimant and of three co-workers and the affidavit of claimant's son. The hearing decision was deferred to permit claimant to make further attempts to obtain a statement and records from a Dr. Piatt, who had purportedly diagnosed the miner's condition as pneumoconiosis, but plaintiff was unsuccessful in her attempts to obtain this information. On the basis of all the information made available to him, the administrative law judge found that plaintiff's husband "had some pulmonary impairment but was not of such magnitude to be classified as severe and totally disabling." He also found that the miner's death was due to disease of the coronary artery. These findings, and the determination that plaintiff had not satisfied the requirements for establishing entitlement, by virtue of the affirmance by the Appeals Council, constituted the Secretary's final decision, and, as indicated earlier, they must be sustained if supported by substantial evidence.

Judge Boreman, speaking for the Court in *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1968), defined substantial evidence as

". . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

It should also be noted that the Secretary's decision must be affirmed if supported by substantial evidence, even though the reviewing court belives that substantial evidence also supports a contrary result. *Estep v. Richardson,* 459 F.2d 1015, 1016-17 (4th Cir. 1972).

Upon consideration of the entire record, and for the reasons stated herein, the Court is of opinion that the Secretary's final decision is supported by substantial evidence, and accordingly, it is

Ordered that defendant's motion for summary judgment be, and the same is hereby granted, that plaintiff's cross-motion for summary judgment be, and the same is hereby denied, and that this action is hereby dismissed and retired from the docket.