J. W. BECK, Plaintiff-Appellant,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 77–1496.

United States Court of Appeals, Ninth Circuit.

Nov. 13, 1978.

---

Randall R. Douglas of Cox & Cox, Phoenix, Ariz., for plaintiff-appellant.

Phillip I. Morse, Atty., Dept. of HEW, Baltimore, Md., William C. Smitherman, U. S. Atty., Phoenix, Ariz., for defendant-appellee.

Before CHOY and ANDERSON, Circuit Judges, and PALMIERI*, District Judge.

PER CURIAM:

The district court granted summary judgment affirming a decision of the Secretary of Health, Education and Welfare (the Secretary) denying Beck's claim for black lung disability benefits under the Federal Coal

---

\* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

Mine Health and Safety Act, 30 U.S.C. §§ 901–961 (the Black Lung Act or the Act). Beck appeals pursuant to the provisions of 28 U.S.C. § 1291 and 28 U.S.C. § 1915. We also affirm.

Beck was born in 1919. The evidence is not clear regarding when he began working in the coal mines—it was some time between 1934 and 1937. He ceased working as a coal miner in 1942. From some time in the forties until 1965, he worked about twenty years as a cupola tender in a foundry. In 1965 he filed for and was awarded social security disability benefits on the basis of bronchial asthma and pulmonary emphysema. In 1972 he applied for coal miner's benefits, alleging that his respiratory problems were the result of his early mining employment; i. e., that he was suffering from pneumoconiosis as defined in Section 402(b) of the Black Lung Act, 30 U.S.C. § 902(b).

■ Because he could not prove he had worked ten years or more in the nation's coal mines, it could not be presumed under Section 411(c)(1) of the Act, 30 U.S.C., § 921(c)(1), and under Social Security Regulations (the Regulations), 20 C.F.R. 410.-416(a), that he had pneumoconiosis.[1] Therefore, 20 C.F.R. § 410.416(b) required that he submit the evidence necessary to establish such work as the cause of his disease.

■ It would serve no useful purpose here to detail Beck's medical history and other evidence contained in the record of this case. The Secretary's determination that Beck had failed to establish total disability arising from employment in the coal mines was affirmed by the district court. Since substantial evidence supports the Secretary's findings and they are in conformity with law, we must sustain that decision. 30 U.S.C. § 923(b) incorporating 42 U.S.C. § 405(g); *Felthager v. Weinberger,* 529

F.2d 130, 131 (10th Cir. 1976); *Floyd v. Finch,* 441 F.2d 73, 75 (6th Cir. 1971); *Brock v. Weinberger,* 405 F.Supp. 1329, 1331 (W.D.Ark.1975); *Koski v. Weinberger,* 401 F.Supp. 990, 992 (N.D.W.Va.1975).

■ The fact that Beck was found in 1965 to be entitled to Social Security disability benefits does not qualify him, without more, for benefits under the Black Lung Act. It is acknowledged that he suffers a totally disabling chronic respiratory or pulmonary impairment under the Social Security Act. But for entitlement to black lung benefits, it must have been shown that the impairment is pneumoconiosis which arose from his coal mine employment. That showing is lacking.

Finally, Beck contends that good cause appears for this court to order a remand of the case [2] to the Secretary for further hearing for two reasons: (1) he was not represented by counsel during the administrative hearing,[3] (2) he has new evidence.

■ Beck concedes that lack of counsel does not constitute good cause for remand under 42 U.S.C. § 405(g). *See Cross v. Finch,* 427 F.2d 406, 408–09 (5th Cir. 1970). He has not shown that he was misled or that prejudice or unfairness resulted from lack of representation during the administrative proceedings. *See Roberts v. Weinberger,* 383 F.Supp. 230, 233 (E.D.Tenn. 1974); *cf. Steimer v. Gardner,* 395 F.2d 197, 198–99 (9th Cir. 1968). He argues that the Administrative Law Judge (the ALJ) assumed an adversarial role during those proceedings. But a reading of the record reveals that the ALJ was anything but adversarial, explaining the hearing process to Beck, putting him at ease, asking him questions regarding the claim, answering Beck's questions and affording him opportunity to present evidence.

1. Section 411(c)(1) of the Act, 30 U.S.C. § 921(c)(1), provides that this presumption shall be a rebuttable presumption.

2. Title 42 U.S.C. § 405(g) provides that the court may remand a case to the Secretary "for good cause shown."

3. Beck had counsel in the district court and has counsel here.

He also makes the bald assertion in his brief that, of an estimated 200,000 miners who have made bureaucratic appeals, most have been denied benefits—this, he concludes, shows unfair dealing with such claimants. The record is devoid of support for the assertion or the conclusion and so they fail.

Beck's "new evidence" consists of two affidavits from non-medical persons and a letter from a Dr. Rasmussen. The two lay persons' affidavits, as the district court found, do not present further evidence relevant to the cause of Beck's impairment. Dr. Rasmussen's letter, apparently written after he had reviewed Beck's file, merely states what he thinks "seems logical," without indicating that the doctor had used clinical diagnostic techniques or even examined Beck. This new evidence would not create the substantial impact necessary for remand. *See Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir. 1975). Therefore, the district court's denial of the motion for remand was proper.[4]

AFFIRMED.

---

[4] The 1977 amendments to the Black Lung Act do not require that we remand to HEW. In amending the Act, Congress specifically provided for review of pending part B claims under the new provisions. The new law "requires the Department of HEW to notify individuals whose part B claims have been denied or are pending that they may elect to have HEW review the claim on the existing record or have the claim referred to the Department of Labor for refiling under part C with an opportunity to submit new evidence." House Conf.Rep.No. 95–864, 95th Cong., 2d Sess. 20–21, *reprinted in* U.S.Code Cong. & Admin.News, pp. 536, 542 (March 1978); *see* Black Lung Act § 435(a)(1), Pub.L.No.95–239, 92 Stat. 95, 103–04 (1978).

Judicial remand of Beck's claim for reconsideration in light of the 1977 amendments would conflict with the congressional policy of allowing the claimant to elect whether and how to proceed, a decision that may affect the claimant's possible recovery. *See, e.g.,* Black Lung Act § 435(c), Pub.L.No.95–239, 92 Stat. 95, 105 (1978). Moreover, this elective scheme for part B claims contrasts with Congress' express provision of mandatory agency reconsideration of part C claims. House Conf.Rep.No.95–864 at 21, U.S.Code Cong. & Admin.News at 542–43. Judicial remand of Beck's claim would in effect order mandatory agency review of a part B claim, thereby conflicting with the congressional scheme.