Russell H. DAVIS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. A–C–82–215.

United States District Court, W.D. North Carolina, Asheville Division.

Dec. 9, 1983.

---

Charles McBrayer Sasser, Legal Services of the Blue Ridge, Boone, N.C., for plaintiff.

Charles R. Brewer, U.S. Atty., Asheville, N.C., for defendant.

## MEMORANDUM AND ORDER

WOODROW WILSON JONES, Chief Judge.

Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended [42 U.S.C.A. Section 405(g)], to obtain judicial review of a final decision of the Secretary of Health and Human Services denying his claim for a period of disability and disability insurance benefits. The matter is presently before the Court upon cross motions for summary judgment. A hearing was scheduled in Asheville,

North Carolina on November 16, 1983. Counsel for the Plaintiff was not present. Counsel for the Defendant was not prepared to present any argument. Because the case has been pending in this Court for well over a year the Court decided to enter its decision without hearing any oral argument. After careful consideration of the record and briefs the Court now enters its findings and conclusions.

Plaintiff Davis filed an application for a period of disability and disability insurance benefits on February 18, 1981 (Rec. 53). The application was denied initially and on reconsideration by the Social Security Administration (Rec. 88, 92). Plaintiff then requested a hearing before an administrative law judge (ALJ) (Rec. 23). The ALJ considered the case *de novo* and on December 30, 1981 found that the Plaintiff was not disabled. The decision of the ALJ became the final decision of the Secretary when the Appeals Council denied Plaintiff's request for review on May 18, 1982 (Rec. 2).

This Court's scope of review of the Secretary's decision is restricted to a determination of whether the Secretary's findings are supported by substantial evidence [42 U.S.C.A. § 405(g)]. When that determination is made, this Court's review is complete. *Estep v. Richardson,* 459 F.2d 1015 (4th Cir.1972).

Substantial evidence has been defined as more than a scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Collins v. Mathews,* 547 F.2d 795 (4th Cir.1976), citing *Blalock v. Richardson,* 483 F.2d 773 (4th Cir.1972).

■ To determine if there is substantial evidence the following elements of proof must be weighed:

(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors;

(4) the claimant's educational background, work history, and present age. *Blalock v. Richardson, supra,* citing *Underwood v. Ribicoff,* 298 F.2d 850 (4th Cir.1962).

The onset of the Plaintiff's disability is alleged as January 15, 1981, and his earnings record shows that he meets the special earnings requirements of the Act through December 31, 1985 (Rec. 18). 42 U.S.C.A. § 416(i) and § 423(a)(1); *Henry v. Gardner,* 381 F.2d 191 (6th Cir.1967), *cert. den.* 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967). Therefore, the Plaintiff must establish that he has a disability which has lasted or is expected to last at least twelve months.

■ Plaintiff has the burden of proving disability to the satisfaction of the Secretary. He must show either that he has a medically determinable physical or mental impairment that meets or equals the medical criteria of Appendix 1, 20 CFR pt. 404 or that the impairment was such as to prevent him from performing his past relevant work. 20 CFR § 404.1520 (1983); *Hall v. Harris,* 658 F.2d 260 (4th Cir.1981). By satisfying either test, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary to show that the claimant is able to perform other work considering both his remaining physical and mental capacities and his vocational abilities to adjust to a new job. *Id.*

In the instant case the ALJ found that the Plaintiff was unable to perform his past relevant work as a maintenance supervisor in an industrial facility. Therefore the Plaintiff has established a prima facie case of disability. The issue which the Court must consider is whether the Secretary has met her burden of showing that the Plaintiff can perform other work.

The ALJ determined that the Plaintiff retained the residual functional capacity for light work; that the Plaintiff was born April 30, 1929 and is "closely approaching advanced age"; that Plaintiff completed the ninth grade in school and thus has a limited education; and that Plaintiff's past work activity was of a semi-skilled character. Based on these findings the ALJ held

that Rule 202.11 of Table 2, Appendix 2, 20 CFR pt. 404 directed a conclusion of not disabled.

The ALJ reached the conclusion that Plaintiff could perform light activities primarily on the basis of a report by Thomas E. Fitz, M.D. After conducting a thorough examination of the Plaintiff, Dr. Fitz noted that:

> [Plaintiff] should be able to engage in sustained sedentary and/or light activities with a Met equivalent of 7 or 8. More exertional type activity requiring lifting, straining, prolonged walking, etc. not likely to be tolerated. (Rec. 117).

20 CFR § 404.1567(b) describes light work in the following manner:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking* or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. (emphasis added)

20 CFR § 404.1567(b) continues:

> To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

The Court concludes that Dr. Fitz's report does not support the ALJ's decision that the Plaintiff can engage in a full range of light work. Dr. Fitz has specifically stated that Plaintiff is not likely to tolerate activity involving prolonged walking. The Secretary's definition of light work includes work which requires a good deal of walking. Where, as here, a disability claimant is unable to engage in a full range of work at any given exertional level the grids may not be used to direct a conclusion of not disabled. *Hall v. Harris, supra. See also*, 20 CFR pt. 404, Subpt. P, App. 2, § 200.00(a).

It is therefore the decision of this Court that this action must be remanded so that a vocational expert may testify as to whether there are specific types of light jobs the Plaintiff can perform given the Plaintiff's inability to tolerate jobs requiring prolonged walking.

Plaintiff also complains that the Secretary failed to adequately explain the consideration she gave to the report of Plaintiff's treating physician, Dr. Smith, Plaintiff's subjective evidence of pain and the combined effect of Plaintiff's cardiovascular and pulmonary ailments. On remand the Secretary should consider all the relevant evidence and fully articulate her analysis of the Plaintiff's condition, including her reasons for disregarding the reports of Plaintiff's treating physician and Plaintiff's subjective evidence of pain. For more specific guidance as to the requirements of an administrative opinion the Secretary's attention is directed to the case of *DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir.1983). An adequate explanation of the Secretary's decision will prevent the necessity for future remand of this case.

IT IS THEREFORE ORDERED that the action be and the same is hereby remanded to the Secretary for further consideration in accordance with this Memorandum and Order.

The Clerk is directed to send a copy of this Memorandum and Order to the attorney for the Plaintiff and to the United States Attorney.