COLLIER, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

No. CIV. A. 3:98CV00081.

United States District Court, W.D. Virginia, Charlottesville Division.

March 31, 2000.

James Benjamin Dick, Law Offices of J. Benjamin Dick, Charlottesville, VA, for Plaintiff.

Alonzo H. Long, U.S. Atty's Office, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

On January 20, 2000, the Magistrate Judge filed a Report and Recommendation with this court recommending that the final agency decision be reversed as it is not supported by substantial evidence. The defendant filed an objection to the Report and Recommendation.[1] Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those portions of the report ... to which the objection is made." After a thorough examination of the record of this case, the court sustains the defendant's objection to the Report and Recommendation.

## I.

In plaintiff's application for retirement benefits filed July 15, 1993 he stated that he was born on February 20, 1927. The defendant contests this assertion on the basis of the 1940 Census in Greene County, Virginia, which indicated that the plaintiff was a child in the family of Little Collier and was seven years old at the time. That would make his birth year 1932 or 1933. However, on March 25, 1980, the Circuit Court of the County of Albemarle entered an Order showing that the court considered evidence and decreed that the plaintiff was indeed born on February 20, 1927. As a consequence of the Circuit Court's Order, the Virginia Department of Health, Bureau of Vital Records

and Health Statistics changed the plaintiff's birth records to reflect this judicially determined birth date. The record further contains, *inter alia*, affidavits by various relatives or friends of the plaintiff's who testified under oath that his birthday was February 20, 1927. Additionally, the plaintiff's drivers license issued on February 16, 1993 shows a date of birth of February 20, 1927.

On May 16, 1995, an Administrative Law Judge entered a decision declaring that the evidence of record best supports a February 20, 1927 date of birth, and that the plaintiff was entitled to retirement benefits. However, on June 30, 1998, the Appeals Council reversed the ALJ's decision, relying on the 1940 Federal Census.

## II.

Judicial review here is limited to determining whether substantial evidence supported the administrative decision. *See Estep v. Richardson*, 459 F.2d 1015, 1016 (4th Cir.1972) (recognizing that the administrative decision, "if supported by substantial evidence, must be affirmed even though the reviewing court believes that substantial evidence also supports a contrary result"); *Lowrey v. Chater*, No. 96–2832, 1997 WL 467523, *1 (4th Cir. Aug.15, 1997) ("It is the [agency's] responsibility to resolve conflicts in the evidence; not the reviewing court's"). Substantial evidence is "more than a mere scintilla" of evidence, but only such evidence "as a reasonable mind might accept as adequate to support a conclusion." *See Stroup v. Apfel*, No. 96–1722, 2000 WL 216620 (4th Cir. Feb.24, 2000) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

In order to establish age, a claimant may produce preferred evidence which

---

1. Though the plaintiff concurred with the outcome of the Magistrate's Report, he filed an objection on January 27, 2000. The objection involved a clerical error in the Magistrate's Report as well as a request for attorney's fee. The clerical error has been noted. Additionally, the request for fees will be dealt with at the proper time once a fee petition is submitted.

consists of: "a birth certificate or hospital birth record recorded before age of 5; or a religious record which shows [the plaintiff's] date of birth and was recorded before age 5." 20 C.F.R. § 404.716(a) (West 2000). Preferred evidence is conclusive absent substantial evidence casting doubt as to its accuracy. *See Lowrey*, 1997 WL 467523, \*1. The Magistrate Judge placed great weight in the state judicial proceeding determining February 20, 1927 as the date the plaintiff was born. The Magistrate stated "whether the birth official certificate contains the birth date actually recorded at the time of birth or one judicially ordered to be reflected on the certificate issued by the state statistical agency, both constitute preferred evidence under the Commissioner's regulation." This court agrees with the fundamental notion of the Magistrate's statement; however, evidence is only preferred if the judicially ordered date is recorded within the five year limit set forth in the regulations. In the present case, the court-ordered date was not determined until 1980, undisputably several decades after the plaintiff's date of birth. As such, the plaintiff's delayed birth certificate does not qualify as preferred evidence.

■ When a plaintiff is unable to establish preferred evidence, other evidence of age has to be considered. Other convincing evidence could include: "an original family bible or family record; school records; census records; a statement signed by the physician or midwife who was present at your birth; insurance policies; a marriage record; a passport; an employment record; a delayed birth certificate; your child's birth certificate; or an immigration or naturalization record." § 404.716(b). The Appeals Council gave controlling import to the 1940 Census information rather than the abundance of other evidence establishing the birth year to be 1927, including the delayed birth certificate. The court found that the 1940 Census was the oldest document recorded closest to the plaintiff's birth and that the

information on this document was provided by his mother. Whereas, the affidavits of friends, family and doctors were based on the memory of individuals. It was similar memory testimony that was produced before the Circuit Court when it determined that the plaintiff's correct birthday was February 20, 1927. *See also* VA.CODE ANN. § 32.1–272(B) (Michie 19–) (providing that "the evidentiary value of a vital record filed more than one year after the event ... shall be determined by the judicial or administrative body or official before whom the certificate is offered as evidence). The Appeals Council rationalized that older recorded evidence is more valuable than more recent statements based on memory. Though this court agrees with the Magistrate Judge that the pre-war census information was more than likely not as accurate as the Appeals Council supposes, the census does provide substantial evidence that the plaintiff was not born until 1932 or 1933. As a reviewing court is unable to reweigh the evidence before it, this court finds that it must sustain the defendant's objection.

### III.

The Appeals Council analyzed the relevant evidence in this case and sufficiently explained its rationale in crediting certain evidence. A reasonable mind might accept such rationale as adequate in supporting the Appeals Council's conclusion that the plaintiff was born in 1932 or 1933, even if the court determines that the contrary result is also supported by substantial evidence. As such, this court must sustain's the defendant's objection to the Magistrate Judge's Report and Recommendation.

An appropriate order this day shall issue.

### ORDER

By order dated December 22, 1998, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate

Judge filed his report on January 20, 2000. The primary issue before the Magistrate was whether the final agency decision that the plaintiff was not born on February 20, 1927 as indicated by his delayed birth certificate was supported by substantial evidence. The Magistrate Judge advised this court that it was not and recommended that the court remand the case for further proceedings.

On February 2, 2000, the defendant filed an objection to the Magistrate's Report and Recommendation. Under 28 U.S.C. § 636(b)(1)(B) & (C), this court "shall make a de novo review determination of those po of the report ... to which the objection is made." After a thorough examination of the defendant's objection, the supporting memoranda, the applicable law, the documented record, and the Report and Recommendation, this court sustains the defendant's objection. For the reasons stated in the accompanying Memorandum Opinion, it is this day

ADJUDGED AND ORDERED that:

1. The defendant's February 2, 2000 objection to the Magistrate's Report and

Recommendation shall be, and it hereby is, SUSTAINED;

2. The June 30, 1998 decision of the Appeals Council shall be, and it hereby is,

AFFIRMED; and

3. The Clerk of the Court is hereby directed to strike the present case from the docket of this court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to the Magistrate Judge and to all counsel of record.